MICHAEL J. HEYMAN
United States Attorney

MAC CAILLE PETURSSON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: mac.caille.petursson@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  vs.<br><br>CALEB FRENCH,<br><br>                Defendant. | No. 3:24-cr-00131-SLG-MMS |

**SENTENCING MEMORANDUM**

The United States recommends imposition of the following sentence:

**INCARCERATION** .................................................................................**120 MONTHS**
**SUPERVISED RELEASE** ................................................................................ **LIFETIME**
**SPECIAL ASSESSMENT**............................................................................................**$100**
**RESTITUTION**……………………………………………………………………....**3,000**
**JVTA**……………………………………………………………………..………**$5,000**
**FINE**...........................................................................................................................**N/A**

//

//

//

# FACTS

At the time of this offense, Defendant, Caleb French, was an enlisted soldier in the air force, serving as an airman. In August 2024, another individual reported French to the Air Force Office of Special Investigation (AFOSI), claiming French wanted to commit sexual assaults against minors. AFOSI reviewed the complaint and executed a search warrant at Defendant's residence, where he lived in a dormitory on Joint Base Elmendorf–Richardson (JBER). A subsequent partial forensic review of Defendant's devices revealed that multiple devices, including a cell phone, thumb drive, and laptop were replete with contraband. Those devices contained, among other evidence, hundreds of videos and images depicting sexual abuse of children as young as infants, dating back years. Additional investigation revealed that French surreptitiously took images of young children in the community to turn into artificial intelligence (AI) generated child sexual abuse material (CSAM), which he discussed with another individual by messages. French also searched for local day cares in his area and went to locations in the community typically frequented by children and families where he appeared to be taking a video of a young child and family.

French was subsequently indicted on one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

//

//

//

## GUIDELINES CALCULATION

The government agrees with the Guidelines calculation outlined in the presentence report.

## STATUTORY CRITERIA AND RECOMMENDED SENTENCE

The relevant sentencing criteria set out at 18 U.S.C. § 3553(a) support the parties' negotiated disposition. Among the more significant in this case are:

### 1. History and characteristics of the defendant, adequate deterrence, and protecting the public from further crimes

French is young at the age of 28 and does not have any criminal history. He had a respectable job serving his country in the Air Force. Nonetheless, the crimes he committed against very young victims are heinous and life altering. Adequate deterrence, especially in cases like this where the defendant does not have a significant criminal history but flies under law enforcements radar, is extremely important.

This federal sentence, followed by federal supervised release, is intended to help the defendant reform and serve as a stronger general and specific deterrence for future criminality both to the public at large, as well as to service members like the defendant, and to protect the public – near and far.

This factor weighs in favor of a sentence of 120-month sentence.

### 2. Nature, circumstances, and seriousness of the offense and just punishment

French's conduct in this case and distribution of CSAM is extremely serious and has an impact on children both locally in the community that he was taking photos of, as well as on the internet which certainly has global reaches across the world. According to a

review of his devices, French possessed and distributed over 50,000 images and videos containing CSAM. Children depicted in those images will have to endure their circulation for the rest of their lives. French also took photos of local children in the community and discussed via messages with another individual turning those photos into AI generated CSAM.

The images and videos contained on French's various devices included 506 known National Center for Missing and Exploited Children (NCMEC) CSAM images, 50 different known NCMEC CSAM series, over two thousand images of suspected child sexual abuse material, including images/videos of sexual acts with children as young as infants, 3,624 animated/AI generated CSAM items, and 130 images contained bestiality. French also possessed dozens of images taken of apparent children in local stores, as well as videos of a person masturbating to those images which were found in a hidden folder on French's phone.

This factor weighs in favor of a 120-month sentence.

### 3. Avoidance of unwarranted disparities

During the last five fiscal years (FY2020-2024), there were 775 defendants whose primary guideline was §2G2.2, with a Final Offense Level of 34 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 774 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 109 month(s) and the median length of imprisonment imposed was 97 month(s). Although the joint sentencing recommendation of 120 months is above both the average and median lengths of

imprisonment for similarly situated defendants, the quantity of CSAM that French possessed and distributed, as well as his actions taking photos of children in the community, warrant a sentence of 120 months. Additionally, French held a position of trust in the community as an enlisted airman with the Air Force.

This factor weighs in favor of a 120 month sentence.

## CONCLUSION

Considering the sentencing factors set forth in 18 U.S.C. § 3553(a), particularly those set forth above involving Defendant's conduct and balancing his age with the possibility of reform, the parties jointly request a sentence of 120 months. The Government further requests a lifetime term of supervised release, all of which is sufficient, but not greater than necessary, to achieve the goals of sentencing for this defendant.

RESPECTFULLY SUBMITTED October 8, 2025 at Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

s/ *Mac Caille Petursson*
MAC CAILLE PETURSSON
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2025 a true and correct copy of the foregoing was served electronically on all counsel of record.

s/ *Mac Caille Petursson*

*U.S. v. French*
3:24-cr-00131-SLG-MMS        Page 5 of 5